UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EDWARD REINHARDT | * | CIVIL ACTION |
| VERSUS | * | NO. 22-761 |
| LOCKPORT TOWN, ET AL. | * | SECTION "M" (2) |

**ORDER AND REASONS**

Plaintiff Edward Reinhardt's First Motion for Attorneys' Fees and for Contempt of Court, Second Motion to Enforce Judgment to Sign Settlement Agreement, First Motion for Sanctions for Refusing to Sign Settlement Agreement is pending before the Court, referred for determination by Judge Ashe. ECF Nos. 28, 31. Defendant Gary Acosta timely filed an Opposition Memorandum. ECF No. 30. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motions for Attorneys' Fees, Contempt of Court and Sanctions are DENIED and Motion to Enforce Judgment is DENIED AS MOOT for the reasons stated herein.

**I.      BACKGROUND**

Plaintiff Edward Reinhardt, former Mayor of Lockport, sued the Town of Lockport, the Town Council, and various council members alleging violations of his constitutional rights based on defendants' handling and investigation of a sexual harassment complaint against Reinhardt. ECF Nos. 1, 8. The parties reached an agreement to resolve the dispute during a settlement conference with the undersigned on August 14, 2023, which agreement was placed on the court record. ECF Nos. 18, 20. The parties thereafter could not agree on certain language in the settlement documentation reflecting their agreement, and after reviewing the court recording during a status conference, agreed on language for the document. ECF No. 26. Thereafter,

1

Plaintiff filed this motion. The Court notes that, although the filing is captioned as a "Second Motion," Defendants (not Plaintiff) previously requested a status conference and neither party filed a Motion to Enforce. *See* ECF No. 24.

Plaintiff argues that, after defense counsel retired and new counsel enrolled, Defendants had a change of heart and refused to sign the agreement. ECF No. 28-1 at 2. After the status conference during which the parties agreed on language to reflect the settlement previously read into the court record, defense counsel advised that all defendants had signed the document except one defendant, Gary Acosta. *Id.* at 3. Despite the two-week deadline within which to execute the agreement, Mr. Acosta failed to execute the agreement for several months. *Id.* Plaintiff thus filed this motion to enforce the settlement agreement, hold Mr. Acosta in contempt, and award him attorneys' fees. In response, Mr. Acosta apologized for the delay and notified the Court that he had signed the document. ECF No. 30.

In Reply, Plaintiff confirms that he has now received the signed settlement document and withdraws his request for an order compelling Mr. Acosta to sign same. ECF No. 33 at 1. Plaintiff does, however, requests an award of attorneys' fees incurred in filing the motion and suggests that a contempt finding is appropriate. *Id.* at 1-2. Although Plaintiff requested $2,500 in attorneys' fees and imposition of a $500 per day coercive fine (ECF No. 28-1 at 5), Plaintiff does not submit any documentation necessary to establish the time spent in preparing the motion.

Defendant Acosta supplemented his Opposition. ECF No. 34. He again apologizes to the Court and indicates that the delay arose from his concern about certain alleged statements and representations made by Plaintiff regarding the settlement. ECF No. 34.

II. **ANALYSIS**

Unless a settlement agreement is entered as a consent decree, it is simply a private contract

that is not enforceable through the Court's contempt powers.[1]  Further, given that Plaintiff has now received the signed settlement agreement, the requests to enforce the judgment and/or impose a coercive fine are moot.

As to the request for attorneys' fees, Louisiana law permits an award of attorney's fees for the enforcement of a contract when the contract so stipulates. LA. CIV. CODE art. 2000.  The parties did not include a provision for the award of attorneys' fees and costs for enforcement of the contract should a party fail to fulfill any obligation or duty under the settlement agreement.  Thus, there is no contractual basis for the award of attorneys' fees and costs.[2]  Further, the conditional dismissal order did not expressly provide for the award of attorneys' fees and costs should a motion to enforce be necessary.  ECF No. 19.  Although the court has the inherent authority to manage its own affairs so as to achieve the orderly and expeditious disposition of cases, use of the court's inherent power to sanction a party must be exercised with great restraint and discretion.[3]

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Attorneys' Fees, Contempt of Court and Sanctions is DENIED AND the Motion to Enforce Judgment is DENIED AS MOOT.

New Orleans, Louisiana, this __26th__ day of September, 2024.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[1] *See S.E.C. v. AMX, Int'l, Inc.*, 7 F.3d 71, 75-76 (5th Cir. 1993).
[2] *See Mercadel v. E-Claim.com, LLC*, No. 22-5222, 2024 WL 3468337, at *2 (E.D. La. Apr. 2, 2024) (Vance, J.) (denying request for fees incurred in filing motion to enforce settlement where plaintiff refused to sign settlement agreement reflecting settlement read into the court record).
[3] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991).